# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| GARY ANTHONY BAILEY, JR. | CIVIL ACTION NO. 5:12-cv-1765 |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| CYNTHIA JOHNSTON, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

*Pro se* plaintiff Gary A. Bailey, proceeding *in forma pauperis*, filed the instant civil rights

complaint on June 25, 2012. Plaintiff is prisoner in the Bossier Parish Minimum Security Prison,

Plain Dealing, Louisiana.  He was apparently convicted of unspecified charges following a trial

in the Twenty-Sixth Judicial District Court. In his original complaint, he sued Bossier Parish

Clerk of Court Cynthia Johnston, Chief Public Defender Pamela Smart,  Judge Craig's Law

Clerk, and the State of Louisiana seeking compensatory damages and the disbarment of the law

clerk and the Public Defender.

On July 24, 2012, he filed a Motion to Amend his Complaint seeking to add the

following additional defendants – Public Defender Mark William Rodgers, Judge Michael Craig,

Judge Jeff Cox, District Attorney Schuyler Marvin, Assistant District Attorney Randy Smith, and

Bossier Parish.  He again reasserted his prayer for compensatory damages and requested the

disbarment of Mark Rogers, the firing of the Clerk of Court and the Law Clerk and an

investigation of the Clerk's Office.  He also moved for service of process on all defendants.

[Doc. 7]

On August 10, 2012, plaintiff filed a Petition for Writ of Mandamus. He claimed that

another criminal matter has been fixed for trial on September 10, 2012, under Docket Number 190,162 of the Twenty-Sixth Judicial District Court. He claimed that since he has sued the judges, the district attorneys, and the public defenders, he requested a change of venue, but to date no action was taken on the motion.  He asks the Court to order the Judge of the Twenty-Sixth Judicial District Court to rule on his motion for change of venue. [Doc. 9]

### *Order*

Local Rule 3.2 of the United States District Court for the Western District of Louisiana provides in part, "A prisoner may file an amendment to a complaint ... only one time without first obtaining leave of court..." Plaintiff need not have moved for permission to amend, but insofar as he did, his motion to amend [Doc. 7] is **GRANTED** and the Clerk of Court is directed to correct the docket sheet accordingly and add the defendants noted above.

Title 28 U.S.C. §1915A requires the court to "... review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity..." and to dismiss prior to service of process any claims which are frivolous, malicious, fail to state a claim for which relief may be granted, or which seek money damages from defendants who are immune from suit. Plaintiff's complaint and amended complaint are being reviewed and his request for service of process [Doc. 7], being premature, is **DENIED.**

Plaintiff also asks this Court to order Louisiana's Twenty-Sixth Judicial District Court to act on his motion for change of venue which, at the time of filing, was pending in that court. Petitioner is advised – federal courts may not interfere with the state courts' application of state law.  *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state

supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]...").   Contrary to petitioner's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Further, to the extent that petitioner seeks to invoke the *mandamus* jurisdiction of this court, such a claim is likewise subject to dismissal.  Title 28 U.S.C. § 1361 provides in pertinent part,  "[D]istrict courts ...  have original jurisdiction of any action in the nature of mandamus <u>to compel an officer or employee of the United States or any agency thereof</u> to perform a duty owed to the plaintiff."  (emphasis supplied) None of the defendants named herein are "officers or employees of the United States."  Plaintiff is clearly not entitled to *mandamus* relief, and therefore his Motion for Mandamus [Doc. 9] is **DENIED.**

In Chambers, Monroe, Louisiana, September 28, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

3