UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GARY ANTHONY BAILEY, JR.** | **CIVIL ACTION NO. 5:12-cv-1765** |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| **CYNTHIA JOHNSTON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Gary A. Bailey, proceeding *in forma pauperis*, filed the instant civil rights complaint on June 25, 2012. Plaintiff is prisoner in the Bossier Parish Minimum Security Prison, Plain Dealing, Louisiana. He was apparently convicted of unspecified charges following a trial in the Twenty-Sixth Judicial District Court. In his original complaint, he sued Bossier Parish Clerk of Court Cynthia Johnston, Chief Public Defender Pamela Smart, Judge Craig's Law Clerk, and the State of Louisiana seeking compensatory damages and the disbarment of the law clerk and the Public Defender. Thereafter he was permitted to amend his complaint to add the following additional defendants – Public Defender Mark William Rodgers, Judge Michael Craig, Judge Jeff Cox, District Attorney Schuyler Marvin, Assistant District Attorney Randy Smith, and Bossier Parish. He again reasserted his prayer for compensatory damages and requested the disbarment of Mark Rogers, the firing of the Clerk of Court and the Law Clerk and an investigation of the Clerk's Office. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaints be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may

be granted, and, for seeking money damages from defendants who are immune from suit.

## *Background*

On some unspecified date plaintiff was arrested and charged with an unspecified criminal offense and bound over for trial in the Twenty-Sixth Judicial District Court, Bossier Parish. Sometime thereafter counsel from the Bossier Parish Public Defenders Office was appointed to represent him. Plaintiff was dissatisfied with the representation provided by appointed counsel and requested appointment of new counsel. His request was denied. Plaintiff's *pro se* requests for discovery and his motions for speedy trial were denied

On some unspecified date he was convicted of the offense and filed a *pro se* motion for appeal. The motion was apparently denied because it was filed after conviction but prior to sentencing. Plaintiff filed a *pro se* motion for discovery after conviction and was apparently provided copies of the documents in question.

Plaintiff faults each of the named defendants as follows:

(1) Chief Public Defender Pamela Smart refused to remove and replace Public Defender Mark W. Rodgers despite plaintiff's continued complaints about his ineffective assistance. Plaintiff claims that she is responsible for his unjust conviction because she forced him to trial with an ineffective attorney.

(2) Bossier Parish Clerk of Court Cynthia Johnson did nothing to resolve plaintiff's complaints about the ineffective assistance of counsel.

(3) Judge Craig's Law Clerk also did nothing to resolve plaintiff's complaints about the ineffective assistance of counsel.

(4) Public Defender Mark William Rodgers denied plaintiff's *pro se* motion for an appeal

as premature; refused to share discovery documents with plaintiff; and provided ineffective assistance of counsel with respect to reviewing plaintiff's arrest report, and with respect to plaintiff's motions for preliminary hearing and speedy trial. According to plaintiff, Rodgers allowed misleading and deceptive rulings and did not prepare for trial.

(5) Judge Michael Craig denied plaintiff's motion for appeal as premature because although convicted, plaintiff had not yet been sentenced; he also denied plaintiff's *pro se* motions for discovery and speedy trial.

(6) Judge Jeff Cox did not review plaintiff's arrest affidavit and therefore could not have found probable cause to hold plaintiff in custody following his arrest.

(7) District Attorney Schuyler Marvin failed to sign the bill of information and denied plaintiff's pro se requests for discovery and speedy trial.

(8) Assistant District Attorney Randy Smith was assigned to prosecute plaintiff's case and he failed to sign the bill of information and denied plaintiff's *pro se* requests for discovery and speedy trial. He was also aware of the ineffective assistance of plaintiff's public defender and still forced plaintiff to trial.

(9) The State of Louisiana and Bossier Parish are liable for the acts of their respective employees.

Plaintiff prays for compensatory damages for "... violating several [Federal] Constitutional rights and [Louisiana Code of Criminal Procedure] laws, unprofessional conduct for being misleading and deceptive, for stress, mental anguish pain and suffering and my prolonged unjust detainment ..." He seeks the disbarment of the Public Defenders, Smart and Rodgers, and the termination of employment of the Clerk of Court and Judge Craig's law clerk,

and an investigation of the Clerks' offices which contain "documents that are intentionally misleading and deceptive ..."

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.§§ 1915 and 1915A.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,*  556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v.*

*Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff has filed a comprehensive original complaint and has been allowed to amend his complaint to add additional defendants and causes of action. He has stated his best case and need not be afforded further opportunities for amendment.

## 2. Heck v. Humphrey

Ultimately, plaintiff implies that his conviction is unreliable because the defendants deprived him of the effective assistance of trial counsel. He thus asserts that he is entitled to damages for his false conviction and imprisonment. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff does not contend that his conviction has been reversed, expunged, or declared invalid. If the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of the state court's finding of guilt.

Accordingly, under *Heck*, plaintiff must demonstrate that his conviction has been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. See *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claims for monetary damages against all of the defendants are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 103. A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Id.* at 102.

Nevertheless, even if *Heck* does not apply, plaintiff's claims against each defendant must be dismissed either because they fail to state a claim for which relief may be granted, or because

they seek money damages from defendants who are immune from suit.

### 3. Judicial Immunity

Plaintiff sues Judge Craig, Judge Cox and Judge Craig's law clerk. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice;

such immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55

L.Ed.2d 331 (1978).

Plaintiff faults the judges for denying motions or finding probable cause where none existed. Clearly, plaintiff sues the judges for acts that arose out of their normal judicial function and they are entitled to absolute judicial immunity. Plaintiff faults the law clerk for failing to take action to resolve plaintiff's dissatisfaction with appointed counsel. Of course, the appointment of counsel for indigent defendants is a judicial function. A judge's law clerk is absolutely immune from damage claims arising from actions taken by the law clerk in assisting the judge in carrying out his judicial functions. *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir.1991).

Finally, plaintiff's claim for money damages against the Bossier Parish Clerk of Court must also fail. The Fifth Circuit has held that court personnel – including the Clerk of Court – are entitled to absolute immunity from suit to the extent that they are acting at the judge's direction. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001) (holding that court clerks are entitled to absolute immunity for acts they are specifically required to do under court order or at a judge's discretion). Again, plaintiff faults the Clerk of Court for failing to resolve plaintiff's dissatisfaction with appointed counsel. As noted above, appointment of counsel is a judicial function; any action taken by the Clerk in this regard was ordered by the Court. The Clerk is thus immune from suit.

### 4. Prosecutorial Immunity

Plaintiff also sued the District Attorney and his Assistant who were involved in the prosecution of his criminal case. Any claim for monetary damages against the District Attorney and his Assistant is barred by the doctrine of absolute prosecutorial immunity. A district attorney, and his assistants, are absolutely immune in a civil rights suit for any action taken pursuant to

9

their role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against these defendants is based on their role as prosecutors in plaintiff's criminal trial. Because the complained of conduct was taken in their role as the State's advocate, they are clearly entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

*5. Public Defenders – State Actors*

Plaintiff's claim against Smart and Rodgers, the public defenders, fares no better, but for a different reason. Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed <u>by a person acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Neither Ms. Smart, the Chief Public Defender, nor Mr. Rodgers, plaintiff's court-appointed criminal defense attorney, are "state actors" and neither can be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).

Consequently, plaintiff's claim against these defendants lacks an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### *6. Bossier Parish*

Plaintiff has sued Bossier Parish alleging liability based upon the conduct of parochial employees. In order to hold a Louisiana parish liable under Section 1983 for the misconduct of its employees, a civil rights plaintiff must allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy this requirement, the plaintiff must allege that the custom or policy he has identified either served as a moving force behind the constitutional violation at issue or that his injury resulted from the execution of an official policy or custom. The description of a policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir.1997) Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir.1993). Plaintiff has alleged that the Parish is liable because of the faults of its employees. This conclusory allegation is insufficient to state a claim for which relief may be granted.

### *7. Eleventh Amendment Immunity*

As to plaintiff's claims against the State of Louisiana, the Eleventh Amendment bars a federal court from "entertain[ing] a suit brought by a citizen against his own State." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir.1986). Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not

done so. See *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed.2d 662 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally").  Thus, plaintiff's claims against the state must be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

*8. Miscellaneous Claims for Relief*

In addition to his claims for money damages, plaintiff also prays for the disbarment of the attorneys involved herein and the termination of employment of the Clerk of Court. Disbarment in Louisiana is a function of the Louisiana Supreme Court, the Louisiana Bar Association, and the Louisiana Attorney Disciplinary Board. The Clerk of Court is an elected official of Bossier Parish. This Court lacks authority to order either the investigation of, the disbarment of, or the termination of employment of any of the named defendants. To the extent that plaintiff seeks such relief from this Court, his claims are frivolous.

*Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit,  pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 1, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE